# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| v. | ) | Case: 2:18-CR-361-KOB-HNJ |
| **TERRY LYNN FOREHAND** | ) | |

## DEFEDANT TERRY LYNN FOREHAND'S
## OBJECTIONS TO THE PRESENTENCE REPORT

Terry Lynn Forehand, through counsel and pursuant to Federal Rule Criminal Procedure 32(f)(1), submits the following clarifications and objections to the Presentence Investigation Report (PSR):

1. **Paragraphs 9 and 12** – The bank is BB&T rather than BB&BT.

2. **Paragraph 12, second sentence** – Mr. Forehand seeks clarification that he did not verbally demand money from the teller.

3. **Paragraph 12, next to last sentence** – Mr. Forehand seeks clarification that he left the bank with no money.

4. **Paragraph 13, second sentence** – Mr. Forehand seeks clarification that he did not verbally demand money from the teller.

5. **Paragraph 20** – Mr. Forehand clarifies that he did not have a "dream" that his daughter was in trouble. Instead, he formed that belief after abusing cocaine and suffering from sleep deprivation. Additionally, he believed that she was in North Carolina rather than Virginia.

6.    **Paragraph 28** – Mr. Forehand objects to the application of the career offender enhancement pursuant to U.S.S.G. § 4B1.1(b). The PSR applies the enhancement due to Mr. Forehand's two prior convictions for crimes of violence: (1) a prior conviction for armed bank robbery from the Middle District of Alabama, Case No. 3:02-CR-39; and (2) a separate conviction for armed bank robbery in the Northern District of Alabama, 1:02-CR-124-KOB-JEO. Related to these cases, Mr. Forehand was arrested in the Middle District of Alabama in January 2002, and confessed to robbing one bank in the Middle District of Alabama in January 2002, and three banks in the Northern District of Alabama in December 2001 and January 2002. As explained by Mr. Forehand's attorney during the plea hearing for the 02-CR-124 case, both the Middle and Northern District cases "arose out of the same series of transactions, geographically [Mr. Forehand] happened to pick the wrong place so he actually committed one of these offenses – there are several offenses in the Northern District, one in the Middle District, occurred at the same time, kind of the same chain of evidence and … [the Assistant U.S. Attorney] had tried to do a Rule 20, but that couldn't be done." (Case 02-CR-124, Doc. 22 at 5-6.) In light of these facts, this Court ordered that the sentences on the bank robbery convictions should run concurrent to the robbery conviction in the Middle District. (Case 02-CR-124, Doc. 21 at 4-7.) Without the technicality of the robberies occurring in separate geographic districts, it appears that the offenses would have been

charged in one case, and, therefore, Mr. Forehand would have only one prior crime of violence and not qualify for the career offender enhancement. Without this enhancement, Mr. Forehand's total offense level would be 19, and combined with a criminal history category of VI, the advisory guideline imprisonment range would be 46 to 57 months.

7. **Paragraph 36** – Mr. Forehand believes that the amount of cooper should be 4,800 rather than 48,000.

8. **Paragraph 44** – Mr. Forehand disputes the allegations listed in the "Details" paragraph.

9. **Paragraph 47** – Mr. Forehand submits that Count Two was dismissed because the weapon was a BB gun, which cannot form the basis of a conviction under 18 U.S.C. § 924(c).

10. **Paragraph 55** – Mr. Forehand notes that he has been housed at the Cullman County jail.

11. **Paragraph 60** – Mr. Forehand notes that he lived in Elmore County from 1964 (birth year) to 1982.

12. **Paragraph 64** – Mr. Forehand submits that he was not required to receive counseling at the Alabama Department of Corrections for his 1992 conviction because it was for second-degree assault rather than a sex offense and that he declined the counseling.

13. **Paragraph 67** – Mr. Forehand clarifies that he did not use marijuana when he was incarcerated from 2002 – 2017.

14. **Paragraph 69** – Mr. Forehand submits that he started smoking crack cocaine in 1991.

15. **Paragraph 75** – Mr. Forehand submits that he held the following UNICOR jobs with the Bureau of Prisons: (1) USP Atlanta, laborer in the mattress factory; (2) FCI Talladega, laborer in the furniture factory; and (3) FCI Mariana, laborer in the recycling center.

16. **Paragraph 88** – Mr. Forehand submits that the paragraph inadvertently references Count 4.

    Respectfully submitted,

    KEVIN L. BUTLER
    Federal Public Defender

    **/s/Allison Case**
    Assistant Federal Public Defender
    Office of the Federal Public Defender
    Northern District of Alabama
    505 20th Street, North, Suite 1425
    Birmingham, Alabama 35203
    (205) 208-7170 Office
    Allison_Case@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties.

    /s/ Allison Case