# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CASE NUMBERS:** |
| | | **2:18-CR-361-KOB-HNJ** |
| **vs.** | * | **1:02-CR-124-KOB-JEO** |
| | | **2:16-CR-064-KOB-TMP** |
| **TERRY LYNN FOREHAND,** | * | |
| **Defendant** | * | |

## DEFENDANT'S SENTENCING MEMORANDUM

Comes now the Defendant in the above styled criminal cases, TERRY LYNN FOREHAND, by and through his Criminal Justice Act attorney, William H. Broome, and files his Sentencing Memorandum for this Honorable Court's consideration in determining appropriate and just sentences in these cases.

## PROCEDURAL HISTORY

1. Mr. Forehand plead guilty in 2:18-CR-361-KOB-HNJ to bank robbery and is before this Honorable Court for sentencing.

2. Mr. Forehand is before this Honorable Court in 1:02-CR-124-KOB-JEO for a revocation of supervised release.

3. Mr. Forehand is before this Honorable Court in 2:16-CR-064-KOB-TMP for a revocation of supervised release.

## ARGUMENT FOR SINGLE SENTENCE

Rule 20 of the Rules of Criminal Procedure provides for transfer of criminal cases for plea and sentencing from one District to another.

If Mr. Forehand's bank robbery case in the Middle District of Alabama had been transferred to the Northern District of Alabama all four of his 2001 and 2002 bank robberies would have been charged in the same Indictment; his sentences would have been imposed on the same day; pursuant to USSG § 4A1.2, the sentences would have been treated as a single sentence; and Mr. Forehand would not be facing a Career Offender Enhancement.

**ARGUMENT FOR DOWNWARD DEPARTURE**

Mr. Forehand's above referenced fact situation presents us with unique and exceptional circumstances that could not have been foreseen by the Sentencing Commission and is precisely what was envisioned by the Sentencing Commission in USSG §5K 2.0.

USSG §5K 2.0 (a)(2)(B), UNIDENTIFIED CIRCUMSTANCES, states in pertinent part, **"A departure may be warranted in the exceptional case in which there is present a circumstance that the Commission has not identified in the guidelines but that nevertheless is relevant to determining the appropriate sentence."** (emphasis added)

Mr. Forehand submits that the circumstances in this case are rare and exceptional. A robbery case in the Middle District and three robbery cases in the Northern District that arise out of the same series of events and continued course of criminal conduct that except for the technicality of the robberies occurring in separate geographic Judicial Districts would have all been charged

in the same Indictment and sentenced on the same day, Mr. Forehand would have only one prior conviction for a crime of violence – not two.

Mr. Forehands represents that this Honorable Court may depart from the Guideline range if mitigating circumstances exist. USSG § 5K2.0 (a)(1)(A).

During Mr. Forehand's Sentencing Hearing before this Honorable Court in case 1:02-CR-124-KOB-JEO on December 2, 2002, this Honorable Court stated, "The Court finds that the Defendants motion for downward departure pursuant to 5K2.0 based on the fact that there are mitigating circumstances that were not taken, could not be taken into consideration by the guidelines should be granted." See attached Transcript of Sentencing Hearing in case 1:02-CR-124-KOB-JEO at page 5.

It appears this Honorable Court has recognized the existence of mitigating circumstances in these cases.

**CONCLUSION**

Robbery has a base offense level of 20. USSG § 2B3.1(a). Because the offense involved the robbery of a financial institution, BB&T Bank, the offense level is increased by two levels. USSG § 2B3.1(b)(1). Thus, making Mr. Forehand's Adjusted Offense Level 22.

Mr. Forehand concedes he should receive three (3) criminal history points for the conviction referenced in Paragraph 47 of the PSR and under USSG §4A1.1(e) one (1) criminal history point should be added because the conviction referenced in Paragraph 46 was for a crime of violence that should

Case 2:18-cr-00361-CLM-HNJ   Document 40   Filed 05/13/19   Page 4 of 6

Sentencing Memorandum
USA v. Forehand
Page 4 of 6

not receive any points under USSG 4A1.1(a) because such sentence should be treated as a single sentence.

Mr. Forehand concedes that he should receive two (2) criminal history points because he was under a criminal justice act sentence of supervised release at the time he committed the bank robbery at issue.

Mr. Forehand submits that his total criminal history points should be 6 resulting in a Criminal History Category of III.

Based on a Total Offense Level of 19 and a Criminal History Category of III, Mr. Forehand's Guideline range of imprisonment should be 37 to 46 months.

151 to 188 months as a Career Offender versus 37 to 46 months simply because the bank robberies occurred in separate geographical Judicial Districts is inherently wrong and exactly the type mitigating circumstance not adequately taken into consideration or foreseen by the Sentencing Commission in formulating the Guidelines. See U.S.C. § 3553(b)(1).

What is an appropriate sentence for Mr. Forehand? U.S.C. § 3553 gives us some guidance. Considering all the § 3553(a) factors and Mr. Forehand's family history, current physical condition, documented substance abuse, and medical problems – the loss of three (3) toes on one foot due to complications from diabetes and broken ribs and cracked vertebrae resulting from a car accident on July 5, 2017, a sentence in the range of 46 to 60 months concurrent with the sentences to be imposed by this Honorable Court in Mr.

Forehand's pending revocation of supervised release in 1:02-CR-124-KOB-JEO and 2:16-CR-64-KOB-TMP is appropriate and reasonable under the circumstances and represents a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing.

For all the above and foregoing reasons, and in the interests of justice, Mr. Forehand respectfully requests this Honorable Court to sentence him within the range of FORTY-SIX to SIXTY MONTHS in the bank robbery case concurrent with the sentences imposed in the two (2) herein referenced revocation of supervised release cases.

DONE this the 13th day of May, 2019.

*s/William H. Broome*
WILLIAM H. BROOME – BRO050
Attorney for Defendant,
Terry Lynn Forehand
Broome & Broome
Attorneys at Law
The Parks – Broome Building
1110 Wilmer Avenue
Post Office Box 1952
Anniston, Alabama 36202
Telephone (256) 238-8744
Email: broomenotguilty@aol.com

## CERTIFICATE OF SERVICE

I, William H. Broome, do hereby certify that I have on this the 13th day of May, 2019, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants in this case, specifically, Honorable Assistant United States Attorney John Joseph Geer, III, and United States Probation Officer Julie Krueger.

*s/William H. Broome*
WILLIAM H. BROOME
Attorney for the Defendant