AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of Alabama

UNITED STATES OF AMERICA

v.                                                    Case Number 2:18-CR-361 KOB-HNJ (001)

TERRY LYNN FOREHAND
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

The defendant, TERRY LYNN FOREHAND, was represented by William H .Broome.

On motion of the United States, the court dismisses counts 2 and 3.

The defendant pled guilty to count 1.  Accordingly, the court finds the defendant guilty of the following count, involving the indicated offense:

| Title & Section | Nature of Offense | Count Number |
| --- | --- | --- |
| 18 U.S.C. §§ 2113(a) and 2 | Bank Robbery (Aid and Abet) | 1 |

As pronounced on May 16, 2019, the court sentenced the defendant as provided in pages 2 through 6 of this Judgment.  The court imposed the sentence pursuant to the Sentencing Reform Act of 1984.

The court ordered that the defendant shall pay to the United States a special assessment of $100.00, for count 1, which shall be due immediately.

The court further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 29th day of May, 2019.

_/s/ Karon O. Bowdre_
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 6

Defendant: TERRY LYNN FOREHAND
Case Number:  2:18-CR-361 KOB-HNJ (001)

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **ONE HUNDRED FIFTY-ONE (151) months** as to Count 1.

The term of imprisonment imposed by this judgment shall run consecutively to the defendant's judgment in the United States District Court, Northern District of Alabama, case numbers 1:02-CR-124-KOB-JEO and 2:16-CR-64-KOB-TMP.

The court makes the following recommendations to the Bureau of Prisons:

1)  The court urges that defendant be allowed to participate in RDAP,

2)  The defendant's health needs be evaluated and he be placed in a facility to treat any health issues; and,

3)  The defendant be allowed to participate in UNICORE.

The defendant is remanded to the custody of the United States Marshal.

**RETURN**

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this Judgment.

_____
United States Marshal

By  _____
Deputy Marshal

Case 2:18-cr-00361-CLM-HNJ   Document 42   Filed 05/29/19   Page 3 of 6

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 6

Defendant:  TERRY LYNN FOREHAND
Case Number:  2:18-CR-361 KOB-HNJ (001)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **36 months**. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

### STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced (if placed on probation) or released from custody (if supervised release is ordered), unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3) You must not commit another federal, state, or local crime.
4) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers). Revocation of supervision is mandatory for possession of a firearm.
5) You must not unlawfully possess a controlled substance.
6) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. You must contribute to the cost of drug testing unless the probation officer determines you do not have the ability to do so. Based upon a court order entered during the period of supervision for good cause shown or resulting from a positive drug test or evidence of excessive use of alcohol, you shall be placed in the Substance Abuse Intervention Program (SAIP) (or comparable program in another district).
7) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
8) You must follow the instructions of the probation officer related to the conditions of supervision.
9) You must answer truthfully the questions asked by the probation officer.
10) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. (If you have been convicted of a crime of violence or a drug trafficking offense, the probation office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b) and (c) if you change your residence.)
11) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
12) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as the position or the job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
13) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
14) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
15) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
16) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk, and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
17) You must fully and truthfully disclose financial information as requested by the probation officer related to the conditions of supervision. Financial information may include, but is not limited to, authorization for release of credit information, bank records, income tax returns, documentation of income and expenses, and other financial information regarding personal or business assets, debts, obligations, and/or agreements in which the defendant has a business involvement or financial interest.
18) You must support all dependents.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Continuation of Standard Conditions of Supervised Release

Judgment--Page 4 of 6

Defendant:  TERRY LYNN FOREHAND
Case Number:  2:18-CR-361 KOB-HNJ (001)

### CONTINUATION OF STANDARD CONDITIONS OF SUPERVISED RELEASE

19) You must comply with the probation office's Policies and Procedures Concerning Court-Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case.  Further, you must notify the probation officer of any change in your economic circumstances that might affect your ability to pay a fine, restitution, or assessment fee.  If you become more than 60 days delinquent in payments of financial obligations, you may be: (a) required to attend a financial education or employment preparation program under the administrative supervision of the probation officer; (b) placed on home detention subject to location monitoring for a maximum period of 90 days under the administrative supervision of the probation officer (and you must pay the cost of monitoring unless the probation officer determines you do not have the ability to do so); and/or (c) placed in a community corrections center for up to 180 days under the administrative supervision of the probation officer (and you must pay the cost of subsistence unless the probation officer determines you do not have the ability to do so).

Case 2:18-cr-00361-CLM-HNJ   Document 42   Filed 05/29/19   Page 5 of 6

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 (cont'd) - Supervised Release

Judgment--Page 5 of 6

Defendant: TERRY LYNN FOREHAND
Case Number: 2:18-CR-361 KOB-HNJ (001)

**SPECIAL CONDITIONS OF SUPERVISION**

While the defendant is on supervised release pursuant to this Judgment:

1) You must cooperate in the collection of DNA under the administrative supervision of the probation officer.
2) You must not use or possess alcohol.
3) You must not use or possess any narcotic or controlled substance except as prescribed to you by a licensed medical practitioner, and you must follow the instructions on the prescription. You must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption, except as with the prior approval of the probation officer.
4) You must not go to, or remain at, any place where you know controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer.
5) You must participate in the Substance Abuse Intervention Program (SAIP) (or comparable program in the district of supervision) under the administrative supervision of the probation officer, and you must comply with the requirements and rules of the program. This program includes the following components: (a) testing by the probation officer or an approved vendor to detect prohibited drug or alcohol use; (b) substance abuse education; (c) outpatient substance abuse treatment, which may include individual or group counseling, provided by the probation office or an approved vendor, and/or residential treatment; (d) placement in a community corrections center (halfway house) for up to 270 days; and/or (e) home confinement subject to electronic monitoring for up to 180 days. You must contribute to the costs of participation unless the probation officer determines you do not have the ability to do so.
6) You must not incur any new debts (other than normal debts for existing utilities, rental expenses, or mortgage payments), increase existing credit lines, or open any new lines of credit without the permission approval of the probation officer unless and until all court-ordered financial obligations have been paid in full. New debt includes contracts which obligate payments, credit agreements, and loans, including those with friends and family members.

Case 2:18-cr-00361-CLM-HNJ   Document 42   Filed 05/29/19   Page 6 of 6

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 6 - Restitution and Forfeiture

Judgment--Page 6 of 6

Defendant: TERRY LYNN FOREHAND
Case Number: 2:18-CR-361 KOB-HNJ (001)

## RESTITUTION AND FORFEITURE

### RESTITUTION

The court, pursuant to the Victim and Witness Restitution Act, finds that the following is a victim of defendant's criminal conduct and has sustained loss in the indicated amounts and orders restitution by the defendant as follows:

| Name & address of payee | Amount |
|---|---|
| BB&T<br>4705 Meadows Brook Road<br>Birmingham, AL 35242<br>RE: Terry L. Forehand<br>2:18-cr-361 KOB-HNJ (001) | $7,423.04 |

Payments of restitution without interest are to be made to Clerk, U. S. District Court, for transfer to the payee.

During the period of incarceration, the defendant is to make payments in the amount of $25 per quarter.

Upon release from imprisonment, any remaining balance shall be paid in monthly payments during the period of supervision in accordance with the financial guidelines previously approved by the court for use in this district and administered by the probation office. Payment is due in full no later than the end of the defendant's term of supervision. Any p ayments made during the term of imprisonment, the term of supervision, or otherwise, do not preclude the government from using other assets or income of the defendant to satisfy this restitution obligation.